[Civ. No. 2169. Second Appellate District.—June 6, 1918.]

DORAN, BROUSE & PRICE (a Corporation), Respondent, v HENRY COWELL LIME & CEMENT COMPANY (a Corporation), Appellant.

CONTRACT—SALE OF CEMENT—QUALITY—SATISFACTION OF ENGINEER OF HIGHWAY COMMISSION.—Where a letter ordering cement provided that the cement should comply with inclosed specification of the highway commission and be acceptable to their engineer, and in reply thereto the letter of the seller stated that the cement "will easily meet the specifications of the commission," after which communications passed relating to the price alone, the contract called for cement acceptable to the engineer.

ID.—EVIDENCE — TERMS OF CONTRACT — PRELIMINARY NEGOTIATIONS.— Where a contract for the sale of cement consisted of letters and telegrams, it was error to admit oral evidence as to the terms of the contract and of the negotiations leading up to the same, but

such error was harmless where the letters and telegrams clearly
showed the contract.

ID.—RECOVERY FOR BREACH OF CONTRACT — REJECTION OF CEMENT BY
HIGHWAY COMMISSION INSUFFICIENT.—Where a contract for the
sale of cement provided that the cement should meet the specifica-
tions of the highway commission and be acceptable to their engineer,
the mere rejection of the cement by the commission, apart from the
question of its quality, was not a compliance with the contract by
the buyer, and, while a rejection by the engineer would be *prima
facie* conclusive, such decision could be impeached for gross mistake
amounting to fraud.

ID.—PLEADING—INSUFFICIENT COMPLAINT.—In action for breach of con-
tract to deliver cement conforming to the specifications of the high-
way commission and acceptable to its engineer, the plaintiff cannot
recover on the theory of the rejection of the cement by the en-
gineer where the only allegation in the complaint was that the
cement had been rejected by the highway commission.

APPEAL from a judgment of the Superior Court of Los
Angeles County.  L. T. Price, Judge Presiding.

The facts are stated in the opinion of the court.

H. F. Chadbourne, Ward Chapman, and L. M. Chapman,
for Appellant.

Jones & Weller, and John T. Jones, for Respondent.

CONREY, P. J.—Action to recover damages for breach of
contract.  The defendant appeals from the judgment.

By means of letters and telegrams passing between the
plaintiff and the defendant, the terms of the contract were
settled in writing.  In a letter sent by the plaintiff to the de-
fendant under date of August 11, 1909, the plaintiff said:
"As the result of the irresistible persuasive powers of your Mr.
Guthrie, kindly ship us as promptly as possible eight hundred
(800) barrels of Mt. Diablo cement. . . . This cement is to
comply with the inclosed specification of the Los Angeles
County Highway Commission, and to be acceptable to their
engineer."  Then followed a statement concerning prices and
payments.  In the reply of defendant, the defendant said:
"Yours of the 11th at hand and in reply beg to say that our
cement will easily meet the specifications of the Los Angeles
County Highway Commission."  Then followed a statement

somewhat different from that of the plaintiff in its letter con-cerning prices and freight payments. To the defendant's letter the plaintiff replied by telegram under date August 17, 1909, as follows: ''If you desire order fill according to our letter; if not cancel same. Wire reply.'' The defendant re-plied by telegram as follows: ''Can fill order as per ours four-teenth and will prepay.'' The defendant at the same time sent to the plaintiff a letter concerning said telegram, by quot-ing it and saying as follows: ''We now confirm same. The only difference between us is that there is a delivered price Ivy instead of a Los Angeles price plus a local out and so we thought best to wire you as above.''

The plaintiff had a contract with the Los Angeles County Highway Commission for certain paving and concrete work on a road in that county, and purchased the cement for the purpose of using it in the performance of that contract. The specifications referred to in the plaintiff's first letter to the defendant were the specifications of the plaintiff's contract with the Los Angeles County Highway Commission. Those specifications, among other things, provided that ''no mate-rial of any kind shall be used until it has been examined and approved by the engineer, and the decision of such engineer shall be final.'' The specifications further provided for the quality of the cement to be used by fixing a standard and a percentage which the cement must pass as compared with such standard.

Appellant admits that under the contract the quality of cement furnished was to be such as would meet the specifica-tions of the highway commission, but contends that there was no agreement that it should be ''acceptable to their engineer.'' It is our opinion that under the terms of the contract the cement was to be acceptable to the engineer. Defendant's first letter to the plaintiff evaded that question, but its letter in reply to the plaintiff's telegram covered the point by assert-ing that there was no difference between the two parties on the contract, except as to another matter. This is shown by the quotations given above. Appellant contends that the court erred in admitting oral evidence of the terms of the agree-ment, and in admitting oral evidence of the negotiations that led up to the making of the agreement for the purchase of the cement. We think that the evidence in question should not have been admitted, but our interpretation of the written con-

tract makes that error harmless, since upon the writings alone
the point in question must have been decided against appellant.

Appellant next contends that the evidence is insufficient to
support finding No. V of the court, wherein the court found
"that the said cement so shipped to plaintiff as aforesaid did
not comply with the specifications of the said Los Angeles
County Highway Commission, in this, that the cement was
not of the grade of fineness as required by said specifications,
and the said cement and all thereof was rejected by the Los
Angeles County Highway Commission, and plaintiff was not
allowed to use the same on said work." The only testimony
offered at the trial concerning the quality of the cement furnished by the defendant was testimony given by experts introduced as witnesses by the defendant. That testimony
showed positively and without conflict that the cement was of
the grade of fineness as required by said specifications.
Therefore, in that respect, the evidence is not sufficient to support such finding.

Appellant's next contention is stated as follows: "The mere
rejection of the cement by the Los Angeles County Highway
Commission, or its engineer, is not sufficient to entitle the
plaintiff to recover without a showing that the cement was
in good faith tested according to the contract and found to be
below the specifications." We agree that a rejection of the
cement by the highway commission, considered apart from
any rejection by the engineer, would not be sufficient without
such showing of the facts concerning the quality of the
cement. On the other hand, the terms of the specifications
are such that a decision of the engineer rejecting the cement
would have been *prima facie* sufficient. Such decision would
have been final, unless impeached by facts showing fraud or
gross mistake amounting to fraud. (*American-Hawaiian
Eng. etc. Co.* v. *Butler*, 165 Cal. 497, 513, [Ann. Cas. 1916C,
44, 133 Pac. 616].)

But there is no allegation in the complaint that the cement
contracted for was ever rejected by the engineer for the Los
Angeles County Highway Commission. The only allegation
on this point is contained in paragraph IV of the complaint,
and is to the effect "that said cement and all thereof was rejected by the said Los Angeles County Highway Commission,
and the plaintiff was not allowed to use the same on said

work.'' Neither is there any finding to the effect that the cement was rejected by the engineer. So far as appears from the findings, the engineer may have certified that the cement furnished by the defendant was fit to be accepted and the highway commission may have, wrongfully perhaps, refused to accept his decision. At all events, when the plaintiff in this action seeks to base its right of recovery upon a rejection of the cement by the highway commission, without any allegation or finding of its rejection by the engineer, the plaintiff cannot prevail without first showing that in fact the cement did not comply with said specifications.

The judgment is reversed.

James, J., and Works, J., *pro tem.*, concurred.